UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHANIEL ISH,

    Petitioner,

v.

JEFFREY A UTTECHT,

    Respondent.

CASE NO. C12-6084 RBL-JRC

ORDER DENYING PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING AND ALLOWING FURTHER ANSWER

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

Petitioner asks that the Court hold an evidentiary hearing to allow him to submit medical evidence that he was incapacitated because of drug use when he was questioned by police and that he was not able to understand or waive his right to remain silent (ECF No. 33, p. 2). The Court denies the motion because petitioner fails to show that he pursued his attempts to supplement the record diligently in state court. Further, this Court's review under 28 U.S.C.§

2254(d)(1) is limited to the record that was before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

The first time petitioner states that he attempted to modify the record and introduce evidence of his mental and physical condition at the time of questioning is on collateral review after the Washington State Supreme Court had already denied a motion for discretionary review (ECF No. 21, Exhibits 20, 21, and 22). Thus, petitioner has not shown that he attempted to enter this evidence at trial, on direct appeal, in his personal restraint petition when it was before the Washington State Court of Appeals, or when he first sought discretionary review.

Pursuant to 28 U.S.C. 2254(e)(2) the failure of a petitioner to develop the factual basis of a claim in state court proceedings precludes the district court from granting an evidentiary hearing unless he meets certain exceptions.

The statute states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
> (A) the claim relies on—
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*See*, 28 U.S.C. 2254(e)(2).

Petitioner does not show that he meets the criteria for an evidentiary hearing. Petitioner's claim does not rely on a new rule of law that has been made retroactive to cases on collateral review. Further, petitioner fails to show that he pursued this issue at trial or on direct appeal.

1  Petitioner did not seek to supplement the record while his personal restraint petition was before
2  the Washington State Court of Appeals. Petitioner filed his motion to supplement the record after
3  his personal restraint petition had been denied and after discretionary review had been denied
4  (ECF No. 21, Exhibits 20, 21, and 22).

5        The facts underlying petitioner's claim do not show that petitioner is innocent of the
6  crime for which he stands convicted. Petitioner's argument is that he should have been convicted
7  of manslaughter instead of second degree murder (ECF No. 33. p.5).

8        In addition, the Supreme Court has held that review of habeas claims pursuant to 28
9  U.S.C. §2254(d)(1) is limited to the record that was before the State Court. *Cullen v. Pinholster*,
10 131 S.Ct. 1388, 1398 (2011). For the reasons set forth above, the Court denies petitioner's
11 motion for an evidentiary hearing in this case.

12       Petitioner filed his amended petition on September 9, 2013 (ECF No. 37). The petition is
13 noted for consideration on December 20, 2013 (ECF No. 34). Any further answer that
14 respondent may wish to file will be due on or before December 13, 2013.

15       Dated this 4th day of November, 2013.

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING PETITIONER'S MOTION FOR
AN EVIDENTIARY HEARING AND ALLOWING
FURTHER ANSWER - 3